UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS LEON RUSK,
                                Plaintiff,

        v.

RAVEET SINGH,
                                Defendant.

CASE NO. 2:25-cv-02306-TL

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge David. W. Christel (Dkt. No. 6) and Plaintiff Nicholas Leon Rusk's objections to the Report and Recommendation (Dkt. No. 11). Having reviewed the Report and Recommendation, Plaintiff's objections, and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

On January 23, 2026, Magistrate Judge Christel recommended the dismissal of this case without prejudice because (1) Plaintiff had not paid the filing fee or filed a corrected application to proceed in forma pauperis (IFP) despite being alerted to the deficiency, and (2) venue in this

ORDER ADOPTING REPORT AND RECOMMENDATION – 1

district is improper since Plaintiff raises claims from alleged actions in Illinois, and the sole defendant is located in Illinois. Dkt. No. 6 at 1–2. On February 23, 2026, Plaintiff filed timely objections. Dkt. No. 11.

Plaintiff's objections do not address his failure to either pay the filing fee or file an application to proceed IFP. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)); *see also* Local Civil Rule ("LCR") 3(b), (c) (requiring a plaintiff to either pay the civil filing fee or file a petition to proceed IFP). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

Here Plaintiff has done neither. On December 15, 2025, the Clerk's office mailed Plaintiff a Notice of Filing Deficiency that explained that Plaintiff filed the incorrect IFP application, provided Plaintiff the correct IFP application, and directed Plaintiff to return it to the Court by December 18, 2025. Dkt. No. 3. While some mail from the Court to the Plaintiff has been returned as undeliverable[1] (*see* Dkt. Nos. 8, 9, and 12), the Notice of Deficiency was not. *See generally* Docket. As of the date of this Order, Petitioner has neither submitted the correct

---

[1] While the Report and Recommendation were returned undeliverable from the updated address Plaintiff provided (Dkt. No. 7), Plaintiff clearly received a copy of the Report and Recommendation as he filed timely objections to it. Further, the envelope that contained Plaintiff's objections reflected the same address as in his notice of change of address (Dkt. No. 11 at 4) and was the address to which the Report and Recommendation was sent (*see* Dkt. No. 2 at 1).

ORDER ADOPTING REPORT AND RECOMMENDATION – 2

IFP application nor paid the filing fee. Failure to pay the statutory filing fee will result in dismissal of an action without prejudice. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (explaining that district court has authority to dismiss without prejudice a complaint for failure to pay filing fee); *In re Perroton*, 958 F.2d 889, 896 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees). Finally, while Plaintiff's objections seem to challenge Magistrate Judge Christel's recommendation regarding the appropriate venue for this litigation, the Court need not reach that issue since there is no case without the payment of the filing fee or the submission of the correct IFP form (and the granting of that application).

Therefore, the Court ADOPTS the Report and Recommendation, OVERRULES Plaintiff's objections, and DISMISSES WITHOUT PREJUDICE this action.

Dated this 1st day of July, 2026.

Tana Lin
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION – 3